UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CHRISTIAN PIERSON | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| V. | : | Civil No. 3:09-cv-02042 (PCD) |
| DAVID HANCOCK | : | |
| Defendant. | : | |

**RULING ON MOTION TO DISMISS**

Defendant David Hancock moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims under the Eighth and Fourteenth Amendments of the U.S. Constitution for failure to state a claim upon which relief can be granted. For the following reasons, Defendant's Motion to Dismiss [Doc. No. 11] is **granted.**

**I. BACKGROUND**[1]

On or about March 22, 2007, Defendant, a police officer with the West Haven, CT police department, arrested Plaintiff for criminal violation of a protective order, criminal violation of a restraining order, threatening in the second degree and harassment in the second degree. (Compl. ¶ 6.) At the time of the arrest, Defendant did not have an arrest warrant for Plaintiff (Id. ¶ 8), and Plaintiff alleges that Defendant knew, or should have known, that Plaintiff was innocent. (Id. ¶ 7.) Following the arrest, Defendant prepared a false and misleading report regarding his

---

[1] A court considering a motion to dismiss under Rule 12(b)(6) must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the statement of facts that follows is derived from Plaintiff's Complaint.

1

investigation of Plaintiff, which Plaintiff alleges was drafted for the purpose of causing an excessive bail to be ordered against Plaintiff. (Id. ¶ 9.) Plaintiff was then imprisoned, required to post bond, and had to hire an attorney for his defense. (Id. ¶ 10.) On August 16, 2007, the criminal charges against Plaintiff were nolled because Plaintiff was innocent of the charges. (Id. ¶ 11.)

**II. STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a Rule 12(b)(6) motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id.  Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

**III. DISCUSSION**

Plaintiff filed suit against Defendant claiming violations of the Fourth, Eighth and Fourteenth Amendment for false arrest, warrantless arrest, malicious prosecution, and unreasonable bail bond. (Compl. ¶ 12.)  Defendant now moves to dismiss Plaintiff's claims under the Eighth and Fourteenth Amendments.

Plaintiff alleges that Defendant "prepared a false and misleading report regarding his alleged investigation of the plaintiff, for the purpose of causing a very high and excessive bail bond to be placed on the plaintiff" (Id. ¶9) and thereby violated Plaintiff's Eighth Amendment right against excessive bail.  The Complaint, however, does not contain sufficient factual allegations to "raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. Without any allegations describing the amount of Plaintiff's bail bond, the content of the allegedly false report, how it was false, or any other relevant information, the Eight Amendment claim for excessive bail must be dismissed.

Plaintiff also alleges his due process rights under the Fourteenth Amendment were violated when Defendant prepared a false and misleading report regarding his investigation of Plaintiff so that "the plaintiff would be deprived of his liberty without a trial" (Compl. ¶ 9) and which caused Plaintiff to be "subjected to severe restrictions on his liberty." (Id. ¶ 10.)  The Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that

3

Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395 (1989). In this case, the Fourth Amendment provides "an explicit textual source of constitutional protection" against the type of governmental misconduct alleged by the Complaint. Claims that a law enforcement officer has falsely arrested a person should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. See id. See also, Romagnano v. Town of Colchester, 354 F. Supp.2d 129, 136 (D. Conn. 2004). The claim that the investigation was false and misleading, without further specification, is not complaint with that standard. That claim is therefore dismissed.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Eighth and Fourteenth Amendment claims [Doc. No. 11] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, November  15 , 2010.

/s/

Peter C. Dorsey, U.S.D.J.